UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA ANN MOORE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CV-104-SRC |
| EQUIFAX, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Barbara Ann Moore for leave to commence this civil action without payment of the required filing fee, motion for inquiry as to the undersigned's relationship with James Clark of Better Family Life, and motion to voluntarily dismiss defendant St. Louis City Metropolitan Police Department. Having reviewed the financial information provided on plaintiff's application to proceed in district court without prepaying fees or costs, the Court finds the motion should be granted. For the reasons explained below, the Court will deny plaintiff's motion for inquiry, grant the motion to voluntarily dismiss defendant St. Louis City Metropolitan Police Department, and dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless." *Denton v. Hernandez*,

504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.*

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

**The Complaint**

On January 22, 2020, self-represented plaintiff Barbara Ann Moore filed this civil suit on a Court-provided form against the following defendants: Equifax, AT&T, Google, and the St. Louis City Metropolitan Police. In her form complaint, plaintiff describes her allegations against each defendant as follows:

(1) Equifax opened my Identification to be stolen.

(2) Google contained untrue information for various parties to use.

(3) AT&T allowed another party to use an old phone number to steal my Identity.

(4) St. Louis Metropolitan Police Department relied on false information from on-line to identify me, then refused proper Identity theft report, creating a conspiracy upon emails not belonging to Barbara Ann Moore.

(ECF No. 1 at 6).

In the space designated for plaintiff to describe the relief she seeks from the Court, she states: "I'm facing condemnation of my home, unable to run my new business, unable to unravel damages of an insurance case. Unable to receive a part time job due to name displacement." *Id.* Plaintiff seeks over $100,000 in monetary damages for her "name being identified as someone else," an inability to run her business, and a "loss of intellectual literature." (ECF No. 1 at 7).

In addition to her complaint, plaintiff filed several exhibits, including a four-page narrative, which contains numerous nonsensical allegations in which she alleges an "unknown person" has changed her address, deleted her phone messages, hacked into her library card, sent viruses to her "thumb savers," used her deceased mother's name, and colluded with people on the internet to prevent her from being an author or running her business Random PAGES LC d/b/a Dark Skin Barbee Ann. (ECF No. 1-1 at 3-6). Plaintiff also alleges unknown individuals were "catfishing"

3

her on Facebook pretending to be her friend or "a lover" and someone from "office Depot" began to control her computer and iCloud. As to the named defendants, plaintiff's narrative alleges that "AT&T has locked [her] profile as a deceased person," "Google enterfere's [sic] with information of identity theft with, or in conjunction of fictitious identity theft," and "Equifax [is] leader of this disturbance to Identity crises of [plaintiff]." *Id.* at 41.

Plaintiff then provides a description of each of her exhibits as follows:

(1) Exhibit A / Equifax and AT&T introducing Identity Theft, explaining to report to St. Louis Metropolitan Police Department for confirmation retaining a police report of Identity Theft.

(2) Exhibit B / Fraud Report #19-054488, unsigned, however retrieved by myself, Barbara Ann Moore of inconsistency due to Officer Mayberry's response. Everyone wants to have these reports to prove that they need a new Social Security number. There's a conspiracy here.

(3) Legal Zoom attached to content writing services with a Facebook friend name, Mathew Smith!

(4) Partial letter answering information about IRS redeeming Business Identity Theft.

(5) IRS letter relating to Identity Theft, introducing Business Identity Theft.

(6) Netspend Prepaid Debit Card Dispute, A [sic] card used to pay bills.

(ECF No. 1-1 at 7).

Plaintiff also filed two supplements to her complaint. The first supplement does not state any allegations against the named defendants, but the second supplement states:

My situation is getting worse in terms of [defendant] Google. The e-mail addresses that are not mine connected to Facebook should be shut down. I don't know if the Court understands. It's the issues of the cloud. I'm followed by my license plate, my phone and contacts, doctor offices, routine places that I go. I would like the FBI to step in and help with this case.

(ECF No. 7).

**Discussion**

As a threshold matter, plaintiff filed a motion to voluntarily dismiss defendant St. Louis City Metropolitan Police for the reason that the "City Entity did not have knowledge of Business Identity Theft concerning Barbara Ann Moore[.]" (ECF No. 5). The Court will grant plaintiff's motion to dismiss this defendant.

Plaintiff also filed a motion for inquiry as to the undersigned's relationship with James Clark of Better Family Life. (ECF No. 4). Plaintiff states that any potential relationship "could have binding on evidence that will or could be bias of getting justice. If these people have relation, I must ask to have the case re-asigned [sic]." Neither James Clark nor Better Family life is a named defendant in this action and plaintiff provides no information as to how any "relation" could cause the Court's impartiality to be questioned. Nonetheless, the undersigned is not personally acquainted with and has no connection to an individual named James Clark or the entity Better Family Life. The Court will deny plaintiff's motion for inquiry.

As to the merits, the Court has carefully reviewed and liberally construed plaintiff's complaint and the supplements thereto and concludes that none of the allegations the Court can decipher state a plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Civil plaintiffs are required to set out their alleged claims and the facts supporting those claims in a simple, concise, and direct manner. Even self-represented litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims.

*See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). Plaintiff has not provided any facts to support her allegations against the named defendants. The Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless. *See Denton*, 504 U.S. at 32-33. For these reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to voluntarily dismiss defendant St. Louis City Metropolitan Police Department (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for inquiry as to the undersigned's relationship with James Clark of Better Family Life (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Equifax, AT&T, and Google are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel (ECF No. 3) is **DENIED as moot**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of March, 2020.

_SL R. CL_

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**